**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| **v.** | *   **Criminal No.: JKB-20-385** |
| **CLIFTON BRYANT** | * |

\*   \*   \*   \*   \*   \* \* \*

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, by and through his attorney, Marshall T. Henslee, respectfully submits this Sentencing Memorandum, and in furtherance thereof, states as follows:

### Introduction and Background

An indictment charging Mr. Bryant with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances and two counts of Possession with Intent to Distribute Controlled Substances was filed on November 10, 2020.

On May 17, 2022, the Defendant entered a plea of guilty to a criminal information charging him with one count of Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances. His sentencing is currently set for September 19, 2022. It is Mr. Bryant's recommendation, supported by the information contained in this memorandum, that he be sentenced to eighteen months of incarceration and three years of supervised release.

### Presentence Report and Guideline Calculation

The defendant has reviewed the presentence report ("PSR") and agrees with the guidelines calculations made in that report, with one exception. Mr. Bryant contends that because he was a

minimal participant, as contemplated by U.S.S.G. § 3B1.2, he is entitled to have his offense level reduced by four levels.

## §3553(A) Considerations

There are seven factors identified in 18 U.S. Code § 3553(a) that the Court must consider when imposing the sentence in this case.  The statute indicates that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Those purposes are the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### 1.   The Nature and Circumstances of the Offense and
### the History and Characteristics of the Defendant

Mr. Bryant agrees that he was part of a conspiracy to distribute controlled substances in Baltimore, Maryland.  However, his role was very limited.  The overall conspiracy began in July of 2019 but Mr. Bryant's participation did not begin until October of 2019.  In the plea agreement, he admitted to making two sales to undercover officers in late October, 2019, in which he distributed approximately 16.5 grams of fentanyl.  Undersigned counsel is not aware of any evidence showing Mr. Bryant was anything other than a low-level street dealer.  There has also

been no evidence supplied that Mr. Bryant possessed any weapons or committed any acts of violence.

To provide some background information, Mr. Bryant was born on November 10, 1969, making him almost fifty-three years old.  His parents were never married but did stay together for much of his childhood.  He has nine siblings but only maintains close contact with his brother, Dwone.  Mr. Bryant reports that he was raised in neighborhoods that were violent because of the omnipresent drug trade.  Sadly, but not surprisingly, this had an impact on Mr. Bryant and he allowed himself to be drawn into that life.

Mr. Bryant attended public school in Baltimore City but did not graduate from high school, nor has he obtained his GED.  He does have experience working in the home improvement industry.

Mr. Bryant has prior convictions.  Given the violence he witnessed in his childhood neighborhood, this is not shocking.  He certainly made his own choices but when this type of behavior is normalized, it is less surprising that a child would begin to drift towards that lifestyle. To his credit, though, the last time Mr. Bryant was convicted of a crime of violence was thirty-two years ago, when he was twenty-one years old.  And since 2007, fifteen years ago, he has only been convicted of one crime – Possession with the Intent to Distribute CDS.

Mr. Bryant was convicted in 1990 of Assault; in 1996 of two counts of Possession with Intent to Distribute CDS and two counts of Conspiracy to Distribute CDS; in 2001 of Possession with the Intent to Distribute CDS; in 2004 of Distribution of CDS; in 2007 of Distribution of CDS; and in 2016 of Possession with the Intent to Distribute CDS.  The longest sentence Mr. Bryant has served is five years, which he received in 2005.

Mr. Bryant has nine children, ranging from thirty-four years old to five years old.  He is currently on release but monitored by Pretrial Services, including location monitoring.  He was released on March 15, 2021, and has lived with Verona Stevenson, the mother of three of his children, since that date.  He maintains contact with all of his children and has seen them regularly, since his release.

Mr. Bryant does have some history of substance abuse, which is, again, not surprising considering his childhood.  He has used Cocaine Base, Heroin, Suboxone and Xanax, beginning at the age of twenty-two until recently before his arrest.  It is noteworthy, however, that every single drug screen he has submitted while on pretrial supervision has been negative.  He has obviously taken the Court's restrictions and admonitions quite seriously.  Mr. Bryant completed a substance abuse evaluation, which diagnosed him with Opiate Dependence.  He would very much appreciate any assistance with substance abuse treatment the court could provide.

## 2.   Needs for Sentence Imposed to Reflect

Paragraph 2 of 18 U.S.C. § 3553 indicates that the sentence imposed must do four things: 1) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) afford adequate deterrence to criminal conduct; 3) protect the public from further crimes of the defendant; and 4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective treatment in the most effective manner.

Mr. Bryant should and will be punished for this offense but the Court should do so in light of the mitigating circumstances mentioned in this memorandum.  Mr. Bryant was a street level dealer who is arguably the person with the least amount of authority and control in the original

indictment and who reaped the smallest profit.  Law enforcement did seize larger amounts of controlled substances from some of Mr. Bryant's co-defendants but he sold a total of 16.5 grams of a fentanyl mixture on two different occasions to undercover officers.

Any punishment Mr. Bryant receives will act as a deterrence to future crimes such as these. It does not seem likely that the public will need to be protected from further crimes of Ms. Bryant. It is true that this is not his first interaction with the criminal justice system but that must be balanced with his age and behavior while out on pretrial supervision.  He will be fifty-three years old in November and has been compliant with the conditions imposed on him by this Court.  The Presentence Investigation Report does make mention of two violations for unauthorized leave from his residence but Mr. Bryant maintains that these were equipment malfunctions that he discussed with Mr. Stagg.  Mr. Bryant has followed the rules since he was released on March 15, 2021, almost eighteen months ago and will continue to do so.

### 3.   The Kinds of Sentences Available

The different types of sentences available to the Court are a fine, probation, home detention and imprisonment in the Bureau of Prisons.  Under *United States v. Booker*, 125 S. Ct. 738 (2005), the Court must consider the sentencing guidelines but is not bound to follow those guidelines.

### 4.   The Sentencing Range Established by the Sentencing Commission

Mr. Bryant agrees that his total criminal history score is twelve points and his criminal history category is V.  He believes that his total offense level is 23, as he is a minimal participant in the overall conspiracy.  Given those calculations, his sentencing guidelines are 84 to 105 months.

##### 5.   *The Need to Avoid Unwarranted Sentence Disparities*

There were four co-defendants in this matter, all of whom have already pled guilty: Ronald Green, Kinnard Riggs, Malik Gilmore and Edward Baker.  Of the four, Mr. Green, Mr. Riggs and Mr. Gilmore have already been sentenced.

Mr. Green was sentenced to sixty months of incarceration.  In his plea agreement, the Government agreed to cap their recommendation at 108 months.  He was found in possession of a firearm and more than one thousand grams of fentanyl.  Mr. Riggs received a sentence of seventy-two months.  As with Mr. Green, the Government agreed to cap its recommendation.  But in this case, the cap was to seventy-eight months.  Mr. Riggs also was found in possession of a firearm and was distributing to street-level dealers, such as Mr. Bryant.  Mr. Gilmore was sentenced to forty-six months of incarceration.  As with the others, the Government agreed to cap its recommendation, this time of sixty-six months.  He was a supplier of the entire organization and was found with over two hundred grams of fentanyl.  As with Mr. Bryant, the remaining co-defendant, Mr. Baker, has an agreement with the Government in which it will cap its recommendation at thirty-six months.

However, when reviewing the facts in this matter, it is clear that Mr. Bryant's crimes were much less extensive than the three co-defendants who have already been sentenced.  This fact, when combined with his excellent behavior since his release, make it appropriate for Mr. Bryant to receive the lowest sentence of any defendant, so far.

### *6.   The Need to Provide Resitution*

It is undersigned counsel's belief that the Government is not seeking any restitution in this matter.

### <u>Sentencing Recommendation</u>

The Court should impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in paragraph two of 18 U.S.C. §3553(a).  For all the foregoing reasons, Mr. Bryant requests that this Honorable Court sentence him to eighteen months, taking into account his age, his role in this matter and the circumstances surrounding that role.  The Court should bear in mind that Mr. Bryant has served approximately eighteen months on pretrial supervision, including location monitoring.  For all of those reasons, Mr. Bryant respectfully requests that this Court sentence him to eighteen months of incarceration.

\_\_/**S**/_____
Marshall T. Henslee
The Law Office of Marshall T. Henslee, LLC
606 Baltimore Avenue, Suite 301
Towson, Maryland 21204
(410) 828-5500
Marshall@HensleeLaw.com
Fed Bar ID# 53861

*Attorney for Clifton Bryant*

**Certificate of Service**

I hereby certify that on this 4th day of September, 2022, a copy of the foregoing Sentencing Memorandum was electronically filed with the Clerk of the United States District Court using CM/ECF, with notice of said filing to AUSAs Charles Austin and James Wallner, counsel for the Government.


___/S/_____
Marshall T. Henslee